

Henry Kapp Kopel, U.S. Attorney's Office, Washington, DC, for U.S.

Michele A. Roberts, Washington, DC, for defendant.

*MEMORANDUM OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on Defendant's Motion for New Trial which the government opposes. The defendant, Rico McLaughlin, raises a single, albeit important issue, namely, whether it is within the Court's discretion to direct a defendant in a criminal case not to talk with his lawyer about the subject matter of his testimony during a short recess between cross-examination and redirect examination. As defendant properly points out, the question implicates the Sixth Amendment right to counsel. In support of his motion, defendant relies primarily on the Supreme Court's decision in *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), and the D.C. Circuit's decision in *Mudd v. United States*, 798 F.2d 1509 (D.C.Cir.1986), while the government relies in its opposition on the later

**UNITED STATES of America**

v.

**Rico McLAUGHLIN, Defendant.**

**Criminal No. 96–0045 (PLF).**

United States District Court, District of Columbia.

Feb. 14, 1997.

decision of the Supreme Court in *Perry v. Leeke,* 488 U.S. 272, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989).

In this case, the defendant, a drug dealer, was charged with assaulting another drug dealer in the neighborhood, who he believed was then cooperating with and providing information to law enforcement officials, with the intent to kill him. He was charged in a six-count indictment with obstructing justice by retaliating against a witness or informant, using a firearm in relation to that crime and other related assault and weapons offenses. The key witnesses in the case were the defendant, Rico McLaughlin, who denied he was the shooter or had any involvement in or knowledge of the shooting, and the victim, Thomas White, who was shot three times by his assailant while being chased down a neighborhood street at eleven o'clock at night. After a seven-day trial, the jury convicted the defendant on all six counts of the indictment.

On the second to last day of the trial, after the government had concluded its cross-examination of the defendant, the Court announced its intention to take a brief recess prior to redirect. After the jury left the courtroom, counsel for the government asked that the defendant be prohibited from discussing his testimony with his attorney during the recess. Over the objection of defendant's counsel and despite her specific request that she be permitted to discuss the cross-examination and potential redirect with her client, the Court granted the government's request and ordered that the defendant and his counsel not discuss his testimony during the break. After the recess, which lasted 15 minutes, defense counsel announced that, in view of the Court's order prohibiting consultation with her client regarding his testimony, no redirect examination would be offered. She said that absent an opportunity to consult with her client in advance she was not prepared to inquire about some of the areas covered by the government during cross. The Court elected not to alter its previous ruling.[1]

Rule 615 of the Federal Rules of Evidence permits a court at the request of a party or on its own motion to excuse witnesses from the courtroom during trial so that they cannot hear the testimony of other witnesses, the so-called "rule on witnesses." The Rule does not authorize the exclusion of a party, and the Sixth Amendment obviously entitles a defendant to be present throughout a criminal trial. Nevertheless, it is established that the Court has the inherent authority to make whatever provision it deems necessary to manage trials in the interests of justice, including the authority to instruct witnesses and parties, even those not excluded or excludable from the courtroom, not to discuss their testimony with other witnesses or with counsel. *See Geders v. United States,* 425 U.S. 80, 87–88, 96 S.Ct. 1330, 1334–35, 47 L.Ed.2d 592 (1976); *United States v. Sepulveda,* 15 F.3d 1161, 1176 (1st Cir.1993), *cert. denied,* 512 U.S. 1223, 114 S.Ct. 2714, 129 L.Ed.2d 840 (1994). As defendant properly points out, however, where a non-discussion order limits a criminal defendant from discussing matters with his or her counsel, constitutional concerns arise. Thus, in *Geders,* the Supreme Court held that it was a violation of the Sixth Amendment to prohibit a criminal defendant from consulting with counsel during an overnight recess that occurred in the middle of the defendant's testimony.

In *Geders,* the direct examination of the defendant was nearly complete and cross-examination was imminent. The trial court had instructed the defendant not to engage in any discussion with his attorney, including matters unrelated to his testimony, during the overnight recess. Approximately seventeen hours elapsed between when court adjourned in the afternoon of one day and when it resumed the next morning. On those facts, the Supreme Court unanimously held that such a non-discussion order deprived the defendant of his Sixth Amendment right to counsel. As the Chief Justice wrote:

> There are a variety of ways to further the purpose served by sequestration without placing a sustained barrier to communica-

---

1. There is no contention here that the Court prohibited all discussion between counsel and her client but only discussion relating to his testimony and potential redirect examination.

tion between a defendant and his lawyer. To the extent that conflict remains between the defendant's right to consult with his attorney during a long overnight recess in the trial, and the prosecutor's desire to cross-examine the defendant without the intervention of counsel, with the risk of improper "coaching," the conflict must, under the Sixth Amendment, be resolved in favor of the right to the assistance and guidance of counsel. *Brooks v. Tennessee,* 406 U.S. 605 [92 S.Ct. 1891, 32 L.Ed.2d 358] (1972).

The challenged order prevented petitioner from consulting his attorney during a 17–hour overnight recess, when an accused would normally confer with counsel. We need not reach, and we do not deal with limitations imposed in other circumstances. We hold that an order preventing petitioner from consulting his counsel "about anything" during a 17–hour overnight recess between his direct- and cross-examination impinged upon his right to the assistance of counsel guaranteed by the Sixth Amendment.

*Geders v. United States,* 425 U.S. at 91, 96 S.Ct. at 1336–37.

A dozen years later, the Supreme Court revisited the issue in *Perry v. Leeke,* 488 U.S. 272, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989). In that case, at the conclusion of the defendant's direct testimony and before cross, the trial judge declared a 15 minute recess and ordered that the defendant not talk to anyone about his testimony during the break, including his lawyer. The Court found that such an order served legitimate purposes and was within the trial court's discretion. Recognizing that "the line between the facts of *Geders* and the facts of this case is a thin one," the Court found that line to be one of "constitutional dimension." *Perry v. Leeke,* 488 U.S. at 272, 109 S.Ct. at 595. The Court explained:

The distinction rests . . . on the fact that when a defendant becomes a witness, he has no constitutional right to consult with his lawyer while he is testifying. He has an absolute right to such consultation before he begins to testify, but neither he nor his lawyer has a right to have the testimo-

ny interrupted in order to give him the benefit of counsel's advice.

The reason for the rule is one that applies to all witnesses—not just defendants. It is a common practice for a judge to instruct a witness not to discuss his or her testimony with third parties until the trial is completed. Such nondiscussion orders are a corollary of the broader rule that witnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say, and to increase the likelihood that they will confine themselves to truthful statements based on their own recollections. The defendant's constitutional right to confront the witnesses against him immunizes him from such physical sequestration. Nevertheless, when he assumes the role of a witness, the rules that generally apply to other witnesses—rules that serve the truth-seeking function of the trial—are generally applicable to him as well. Accordingly, it is entirely appropriate for a trial judge to decide, after listening to the direct examination of any witness, whether the defendant or a nondefendant, that cross-examination is more likely to elicit truthful responses if it goes forward without allowing the witness an opportunity to consult with third parties, including his or her lawyer.

\*   \*   \*   \*   \*   \*

Thus, just as a trial judge has the unquestioned power to refuse to declare a recess at the close of direct testimony—or at any other point in the examination of a witness—we think the judge must also have the power to maintain the status quo during a brief recess in which there is a virtual certainty that any conversation between the witness and the lawyer would relate to the ongoing testimony. As we have said, we do not believe the defendant has a constitutional right to discuss that testimony while it is in process.

*Perry v. Leeke,* 488 U.S. at 281–84, 109 S.Ct. at 600–02.

The Court distinguished *Geders* in large part because of the length of the recess there and because it occurred overnight, a time that would normally be used by a defendant

and his lawyer to prepare for the next day's trial and to discuss matters that "go beyond the content of the defendant's own testimony—matters that the defendant does have a constitutional right to discuss with his lawyer, such as the availability of other witnesses, trial tactics, or even the possibility of negotiating a plea bargain. It is the defendant's right to unrestricted access to his lawyer for advice on a variety of trial-related matters that is controlling in the context of a long recess." *Perry v. Leeke,* 488 U.S. at 284, 109 S.Ct. at 602. The Court concluded, however, that it was within a trial court's discretion to prevent consultation about testimony during a short recess, holding that the Constitution "does not compel every trial judge to allow the defendant to consult with his lawyer while his testimony is in progress if the judge decides that there is a good reason to interrupt the trial for a few minutes." *Id.* at 284–285, 109 S.Ct. at 602.[2]

This Court finds no constitutional significance in the fact that the brief recess in this case occurred between cross-examination and redirect, while the brief recess in *Perry* occurred between direct and cross. What distinguished *Perry* from *Geders* was the fact that the recess in *Perry* was brief and there was no other subject that would be discussed or logically could be discussed other than the defendant's testimony. *Perry v. Leeke,* 488 U.S. at 284, 109 S.Ct. at 602 ("[I]n a short recess in which it is appropriate to presume that nothing but the testimony will be discussed, the testifying defendant does not have a constitutional right to advice."). As for our own Circuit's decision in *Mudd v. United States,* 798 F.2d 1509 (D.C.Cir.1986), suffice it to say that *Mudd* was decided before *Perry v. Leeke* and the Circuit did not have the benefit of that precedent in evaluating the contentions of the parties. Furthermore, in *Mudd,* a case that involved a limited non-discussion order over a weekend recess, the court made clear that it did not find that "*all* orders restricting the discussion of testi-

mony constitute a violation, no matter what their duration; unlike blanket prohibitions, these more limited orders only interfere with the right to counsel when they cover a substantial trial recess." 798 F.2d at 1514.

The Court concludes that this case is governed by *Perry v. Leeke* and that it was well within its discretion—and consistent with the Sixth Amendment—to direct the defendant and his lawyer not to consult with each other about any aspect of his testimony in preparation for redirect examination during the 15 minute afternoon recess. Accordingly, it is hereby

ORDERED *nunc pro tunc* that defendant's Motion for New Trial is DENIED.[3]

SO ORDERED.

---

2. "Alternatively, the trial judge may permit consultation between counsel and defendant during [] a recess, but forbid discussion of ongoing testimony." *Perry v. Leeke,* 488 U.S. at 284 n. 8, 109 S.Ct. at 602 n. 8.

3. The Court announced its decision to deny the motion for a new trial from the Bench on January 28, 1997, just before it imposed sentence, stating that this Opinion would follow. Accordingly, this issue is properly before the Court of Appeals in connection with the appeal in this case.